IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SHIRLEY CRUSE, NORA GARCIA, FONDA
OSBORN, NANCY PEREZ-FUGERE, LILLIE
SANDOVAL, CHIP UPSAL, and GAIL
WILLIAMS, on behalf of themselves and all
others similarly situated,

    Plaintiffs,

v.                                        Civ. No. 10-1140 JP/RHS

ST. VINCENT HOSPITAL, d/b/a CHRISTUS ST.
VINCENT REGIONAL MEDICAL CENTER, a
New Mexico Non-Profit Corporation,

    Defendant.

MEMORANDUM OPINION AND ORDER

On December 29, 2010, Plaintiffs filed Plaintiffs' Second Motion for Remand (Doc. No. 7) (Second Motion for Remand).  Having reviewed the briefs and relevant law, the Court concludes that the Second Motion for Remand should be granted.

A.  Background

*1.  Plaintiff's [sic] Collective Action Complaint (NMSA 1978 §50-4-26) (Doc. No. 1-12) (Complaint)*

On March 19, 2010, Plaintiffs filed a collective action in the First Judicial District Court, County of Santa Fe, against their employer, Defendant St. Vincent Hospital d/b/a Christus St. Vincent Regional Medical Center.  Plaintiffs, who are medical service providers, allege that Defendant failed to compensate them and others similarly situated to Plaintiffs for all of the hours they worked.  Specifically, Plaintiffs maintain in the Complaint that

> Defendant has a long standing policy of providing its employees with an unpaid thirty-minute lunch break; the actual practice in the Hospital is inconsistent with this policy.  As a consequence of the Hospital's deliberate staffing patterns, employees are rarely able

> to actually take a thirty-minute lunch break and are generally required to work through lunch. Despite employees' inability to actually take the lunch break, the Defendant generally deducts thirty minutes from each employee's time worked for the day. As a result, the Defendant has knowingly received the benefit of tens of thousands of hours of work, for which it has not compensated its employees. Much of this uncompensated work is performed at overtime rates.

Complaint at ¶3. Plaintiffs further maintain that Defendant's policies and procedures as well as Plaintiffs' licensure and professional responsibilities mandate that Plaintiffs take a thirty minute lunch break only if Defendant schedules or provides a relief employee to work during that lunch break. In addition, Plaintiffs allege in the Complaint that "employees are discouraged from taking thirty minute lunch breaks and are also discouraged from seeking pay for work performed during their unpaid lunch breaks." *Id*. at ¶4. Plaintiffs assert that Defendant's actions constitute a violation of the New Mexico Minimum Wage Act and that Plaintiffs have a claim of unjust enrichment.

    *2. Relevant Procedural History*

On April 22, 2010, Defendant removed the case to federal district court where the case was assigned to the Honorable United States District Court Judge William "Chip" Johnson, Civ. No. 10-394 WJ/RLP. Defendant based the removal on the contention that §301 of the Labor Management Relations Act (LMRA), a federal law governing union issues, completely preempts Plaintiffs' state claims and, therefore, provides a basis for federal question jurisdiction. Defendant argued that the state claims could only be resolved by interpreting the nurses' and technical workers' collective bargaining agreements (CBAs), which Defendant had entered into with the National Union of Hospital and Healthcare Employees, District 1199 NM (Union). Defendant knew at the time of removal that the named Plaintiffs were Union members. On May 13, 2010, Plaintiffs filed Plaintiffs' Motion for Remand (Doc. No. 10) in which Plaintiffs

asserted that the LMRA does not preempt the state claims because the state claims are independent of any CBA which might cover Plaintiffs' employment with Defendant. Judge Johnson granted Plaintiffs' Motion for Remand on July 27, 2010 and remanded the case back to state court. Civ. No. 10-394 WJ/RLP, Memorandum Opinion and Order Granting Plaintiffs' Motion to [sic] Remand (Doc. No. 20).

On September 29, 2010, Defendant served Plaintiffs in state court with Defendant's First Set of Interrogatories. The interrogatories relevant to the Second Motion for Remand are Interrogatories Nos. 1 and 3. Interrogatory No. 1 asks each Plaintiff to "[i]dentify each and every St. Vincent policy and procedure imposing patient care obligations upon Plaintiff that prevents Plaintiff from taking a 30-minute meal period with an explanation of how each policy and procedure prevents Plaintiff from taking a 30-minute meal period." Ex. D (Doc. No. 1-5) at 2. Interrogatory No. 3 asks Plaintiffs to describe how Defendant discouraged them from taking lunch breaks or from seeking compensation for work performed during lunch breaks.

Plaintiff Lillie Sandoval answered Interrogatory No. 1, in part, by stating that "[t]he Union and Hospital CBA, Article 8.04 Rest Periods and Article 8.05 Scheduling, #4 Purpose states 'to maintain harmony and cooperation, The [sic] Hospital's goals ... patient safety....'" *Id*. Sandoval also stated that "[t]he Contract calls for 2 nurses to be on the unit at all times." *Id*. In response to Interrogatory No. 3, Sandoval noted that "[a]ccording to the CBA, with supervisor approval I can clock 'no lunch' in the time clock at the end of my shift." *Id*. at 3. Plaintiff Fonda Osborn answered Interrogatory No. 1, in part, by stating that "[i]t is in the contract between St. Vincent and District 1199 NUHHCE that there must be two nurses on a Unit at all times." Ex. E (Doc. No. 1-6) at 2. Plaintiff Shirley Cruse answered Interrogatory No. 3, in part, by stating that "[a]dditionally, no provisions have ever been negotiated to provide for a 30-

3

minute 'off-duty' meal break for me or my co-workers." Ex. G (Doc. No. 1-8) at 3. Sandoval, Osborn, and Cruse served their answers to Defendant's First Set of Interrogatories on November 1, 2010.

On December 1, 2010, Defendant filed Defendant's Second Notice of Removal (Doc. No. 1) (Second Notice of Removal). Defendant contends that the case is now removable under 28 U.S.C. §1446(b). Section 1446(b) states, in pertinent part, that "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable...." Defendant contends that the answers to Defendant's First Set of Interrogatories which reference the CBAs constitute "other paper" and that those answers demonstrate that the LMRA preempts Plaintiffs' state claims, thereby establishing federal question jurisdiction.[1]

In response to the Second Notice of Removal, Plaintiffs filed the Second Motion for Remand in which they argue that the second removal was improper under §1446(b) and under §1447(d) which prohibits a court from reconsidering a previous remand order. Plaintiffs also seek an award of attorney's fees and costs under 28 U.S.C. §1447(c). Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

---

[1] An answer to an interrogatory is considered "other paper" for §1446(b) purposes. *Akin v. Ashland Chemical Co.*, 156 F.3d 1030, 1035-36 (10th Cir. 1998).

*B. Discussion*

    *1. Did Defendant Properly Remove this Case a Second Time?*

The federal statute providing for the removal of cases from state to federal court was intended to restrict rather than enlarge removal rights. *Greenshields v. Warren Petroleum Corp.*, 248 F.2d 61, 65 (10th Cir.), *cert. denied*, 355 U.S. 907 (1957). Consequently, the courts are to strictly construe the removal statute and resolve all doubts against removal. *See, e.g., Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1094-95 (10th Cir. 2005). The party asserting federal jurisdiction, in this case the removing Defendant, bears the burden of proving by a preponderance of the evidence the requirements for federal jurisdiction. *Lindstrom v. United States*, 510 F.3d 1191, 1193 (10th Cir. 2007). Once the removing defendant has established that federal jurisdiction exists, a plaintiff seeking remand has the burden to prove that an express exception to removal exists. *See Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 698 (2003).

Section 1446(b) permits a second removal only if the amended pleading, motion, order, or "other paper" clearly and unequivocally provides notice of removability. *Akin v. Ashland Chemical Co.*, 156 F.3d 1030, 1036 (10th Cir. 1998). Although §1446(b) allows more than one notice of removal in certain cases, §1446(b) "must be read in conjunction with 28 U.S.C. §1447(d) which provides that a remand order is not reviewable on appeal or otherwise." *Adams v. Allstate Ins. Co.*, 2008 WL 4831425 *1 (D. Colo.) (unpublished decision). "Courts have construed 28 U.S.C. §1447(d) as prohibiting appeals of remand orders as well as reconsiderations by district courts of their own remands based on the same grounds as the initial removal." *One Sylvan Road North Associates v. Lark Intern., Ltd.*, 889 F.Supp. 60, 62 (D. Conn. 1995). For instance, a "'defendant may not circumvent section 1447(d)'s prohibition on

reconsideration by filing a second notice of removal which supplies evidentiary support for the argument that the previous remand order was incorrect.'" *Adams*, 2008 WL 4831425 *1 (quoting *Nicholson v. National Accounts, Inc.*, 106 F.Supp.2d 1269, 1271 (S.D. Ala. 2002)). A second removal is, therefore, permissible if there is "both an amended pleading or paper and a ground for asserting removability that exists for the first time." *O'Bryan v. Chandler*, 496 F.2d 403, 409 (10th Cir. 1974).

The Tenth Circuit Court of Appeals has explained that the first remand is "conclusive only as to the matters that were adjudged or could have been presented at that time as a basis for removal. And when subsequent developments make the case removable, since these were not concluded by the prior remand order, a timely petition for removal may be made." *Id*. Hence, a second removal is proper if, after the initial remand, the plaintiff voluntarily creates a document or "paper" which contains different facts "that state a new ground for removal." *Id*. at 410.

*Nicholson*, for example, illustrates the interplay between a second removal and §1447(d) in a case somewhat similar to this one. In *Nicholson*, the defendant removed the case to federal court on the basis that the Employee Retirement Income Security Act (ERISA) preempted plaintiff's state claims. The federal court remanded the case because the plaintiff did not have standing to sue under ERISA. After the remand to state court, plaintiff made statements in her deposition testimony which the defendant believed constituted new evidence that plaintiff actually had standing to sue under ERISA. Accordingly, the defendant filed a second notice of removal. The Court, however, remanded the case a second time. The Court reasoned that "the second removal is nothing more than a creative attempt to have the court reconsider its prior remand order." 106 F.Supp.2d at 1272.

Plaintiffs argue that the second removal was improper for several reasons. First, Plaintiffs contend that the interrogatory answers referring to the CBAs do not provide clear and unequivocal notice that the case is now removable under §1446(b).[2] Second, Plaintiffs contend that the interrogatory answers do not present new and different grounds for removal and would, therefore, constitute an improper reconsideration of Judge Johnson's remand order in contravention of §1447(d). Finally, Plaintiffs contend that Defendant has not shown by a preponderance of the evidence that the LMRA preempts their state claims and so there is no federal question jurisdiction to support a second removal.

> *a. §1446(b): Do the References to the CBAs in the Interrogatory Answers Provide Clear and Unequivocal Notice that this Case is Removable?*

Plaintiffs assert first that the CBA references in the interrogatory answers do not satisfy §1446(b) because they do not provide clear and unequivocal notice that this case is removable based on federal question jurisdiction, i.e., that the LMRA completely preempts the Plaintiffs' state claims. Plaintiffs point to the extensive legal argument in the Second Notice of Removal and the multitude of exhibits attached to the Second Notice of Removal including the CBAs and documents showing the Union's interest in this case as evidence that the interrogatory answers by themselves do not clearly demonstrate that the LMRA completely preempts the state claims. Defendant, however, argues that the answers to the interrogatories alone provide clear and unequivocal notice that the case is removable under the LMRA. The fact that the parties are arguing vigorously regarding whether the interrogatory answers provide clear and unequivocal notice that the case is removable indicates that those answers provide less than clear and

---

[2]The parties do not dispute that Sandoval, Osborn, and Cruse voluntarily created the interrogatory answers subsequent to the initial remand.

unequivocal notice. Moreover, to determine whether the references to the CBAs actually constitute sufficient evidence that the LMRA preempts the Plaintiffs' state claims would require a rather involved legal analysis, *see* Judge Johnson's discussion on LMRA preemption in his Memorandum Opinion and Order Granting Plaintiffs' Motion to [sic] Remand. On balance, the Court cannot conclude that the answers to the interrogatories are sufficiently clear and unequivocal on their face to supply notice that this case is removable under the LMRA.

> *b. §1447(d): Does the Second Notice of Removal Impermissibly Require the Court to Reconsider Judge Johnson's Previous Remand Order?*

Assuming *arguendo* that the interrogatory answers do provide clear and unequivocable notice of removability, the Court addresses the issue of whether the Second Notice of Removal violates §1447(d)'s prohibition against the reconsideration of a remand order. Plaintiffs specifically contend that the Second Notice of Removal does not reveal a new and different ground for removal but instead requires this Court to reconsider Judge Johnson's decision to remand. Defendant argues, on the other hand, that the interrogatory answers completely reverse Plaintiffs' position that they are not relying on portions of the CBAs as part of their claims.

The Court notes that Sandoval and Osborn's answers refer to Articles 8.04 (Rest Periods) and 8.05 (Scheduling) of the nurses' CBA which concern, respectively, clocking in "no lunch" and the presence of two nurses on a unit. Interestingly, Cruse's CBA comment does not actually refer to a CBA provision but regards the absence of a CBA provision concerning "off duty" meal breaks. When Defendant opposed Plaintiffs' first Motion for Remand, Defendant argued that the LMRA preempted Plaintiffs' state claims because the state claims were factually intertwined with provisions of the CBAs. In making that argument, Defendant cited to Articles 8.04 and 8.05 of the nurses' CBA as well as to other provisions of the CBAs to conclude that "it is clear

8

that Defendant's policies and practices regarding accounting for unpaid meal periods, staffing and scheduling practices, and payment of overtime are specified and governed in great detail by the CBAs. These are exactly the same conduct elements that Named Plaintiffs allege violate the NMMWA and state common law." Civ. No. 10-394 WJ/RLP, Response in Opposition to Plaintiffs' Motion to Remand (Doc. No. 13) at 11, filed May 27, 2010. Judge Johnson acknowledged the CBA provisions referred to by Defendant but nonetheless determined that "[b]ecause Plaintiffs' state claims are independent of their collective bargaining agreements with the Defendant, their claims are not preempted by §301 of the Labor Management Relations Act." Civ. No. 10-394 WJ/RLP, Memorandum Opinion and Order Granting Plaintiffs' Motion to [sic] Remand at 1-2. Since Judge Johnson already considered the same CBA provisions mentioned by Sandoval and Osborn in their interrogatory answers when he decided the issue of LMRA preemption, the Court is hard-pressed to conclude that the interrogatory answers provide a new and different ground for removal. In essence, Defendant in its Second Notice of Removal asks this Court to reconsider Judge Johnson's remand decision, a request prohibited by §1447(d). Considering the strict construction of the removal statute, the Court's duty to resolve all doubts against removal, and Defendant's improper second removal, the Court is compelled to grant the Second Motion for Remand.[3]

*2. Are Plaintiffs Entitled to an Award of Attorney's Fees and Costs?*

Plaintiffs further contend that if the Court decides to grant the Second Motion for Remand, the Court should also grant Plaintiffs' request for an award of attorney's fees and costs

---

[3] Since the second removal was not proper under §§1446(b) and 1447(d), the Court need not reach the merits of whether Defendant has shown by a preponderance of the evidence that this Court has federal question jurisdiction by virtue of complete preemption under the LMRA.

under §1447(c). An award under §1447(c) depends on whether the removal was reasonable. *Porter Trust v. Rural Water Sewer and Solid Waste Management Dist. No. 1*, 607 F.3d 1251, 1253 (10th Cir. 2010 (citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)). "'Absent unusual circumstances, courts may award attorney's fees under §1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied.'" *Id*. (quoting *Martin*, 546 U.S. at 141). Plaintiffs argue that the second removal was objectively frivolous "because Defendant has merely repeated the same facts which this court earlier found did not confer federal question jurisdiction." Second Motion for Remand at 23. Defendant simply argues that attorney's fees and cost should not be awarded to Plaintiffs because the second removal was proper. The Court agrees with Plaintiffs: Defendant did not have an objectively reasonable basis for the second removal. Hence, the Court will award Plaintiffs reasonable attorney's fees and costs which they incurred as a result of the second removal.

IT IS ORDERED that:

1. Plaintiffs' Second Motion for Remand (Doc. No. 7) is granted;

2. this case will be remanded to the First Judicial District Court, County of Santa Fe, State of New Mexico;[4]

3. Defendant must pay Plaintiffs' reasonable attorney's fees and costs incurred as a result of the second removal;

---

[4]Although this case will be remanded to the state court upon the entry of an Order of Remand, this federal court retains jurisdiction over the collateral matter of attorney's fees and costs. *See, e.g., Excell, Inc. v. Sterling Boiler & Mechanical, Inc.*, 106 F.3d 318, 320 (10th Cir. 1997); *Mints v. Educational Testing Service*, 99 F.3d 1253, 1257 (3d Cir.1996).

4. by April 15, 2011, Plaintiffs' counsel must file and serve on Defendant an affidavit itemizing the attorney's fees and costs which Plaintiffs incurred as a result of the second remand;

5. if Defendant disputes the reasonableness of the attorney's fees and costs, Defendant must file by April 29, 2011 a brief opposing the amount of attorney's fees and costs, and Plaintiffs will have until May 10, 2011 to file a response to that opposition; and

6. if Defendant does not dispute Plaintiffs' affidavit itemizing attorney's fees and costs, Defendant must pay Plaintiffs those fees and costs by May 10, 2011.

_____
SENIOR UNITED STATES DISTRICT JUDGE